963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PERSICO PIZZAMIGLIO, S.A., Plaintiff-Appellant,
v.
DALGETY, INC. and Balfour Guthrie, Inc., Defendants-Appellees.
 No. 91-16083.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 1, 1992.*
Decided May 14, 1992.
 
 Before SNEED, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This matter is before this panel for a second time. In a memorandum disposition in Persico Pizzamiglio v. Balfour Guthrie, Nos. 89-16069 and 89-16253, filed March 18, 1991, we held that Balfour inappropriately resorted to a self-help remedy in offsetting $236,094 against the amount it owed Persico for a shipment of steel. The setoffs represented claimed deficiencies in previous orders of steel sold by Persico to Balfour. We held that no "prior course of dealing" between the parties justified the setoff under California Commercial Code §§ 2601 and 2607. We held Balfour should have paid the full amount for the steel which it accepted under purchase order No. 0280.
 
 
 3
 Balfour had alternatively contended, however, that if the setoff was improper, then it was entitled to recover the $236,094 sum as counterclaims against Persico on account of the claimed deficiencies in prior orders. We remanded for a determination of the validity of these counterclaims, because based on our then understanding of the district court's ruling, the district court had not reached the question of the validity of the counterclaims.
 
 
 4
 Upon remand, the district court explained that in its earlier ruling it had implicitly held that the counterclaims were valid. It went on to explain that the nature and amount of the deficiencies in the quality of the steel delivered were never really at issue. The district court concluded that:
 
 
 5
 Based upon the decision of the Ninth Circuit Persico is entitled to judgment in the amount of $236,094. Balfour is entitled to judgment in the amount of $236,094 on its counterclaim[s]. In that judgment a zero shall be entered each side to bear its own costs.
 
 
 6
 District Court's Supplemental Memorandum of Decision filed June 13, 1991, p. 5, E.R. 65.
 
 
 7
 In this appeal, the appellant first challenges the district court's conclusion that Balfour's counterclaim for $48,367 is valid. It appears undisputed that that amount remained owing pursuant to the previous settlement. On appeal, Persico contends that the district court erred in failing to recognize a "prior course of dealing" that established that Balfour could not seek a cash payment of that amount, but could recoup the deficiencies only through discounts pursuant to the settlement agreement. We held in the first appeal, however, that the conduct of the parties flowing from the settlement agreement was not sufficient to establish a course of dealing under the Commercial Code. Moreover, there was nothing in that course of dealing that indicated that discounts on future orders was the exclusive way that the amount owed by Persico was to be paid. Nor was the settlement agreement conditioned upon Balfour's making a fixed amount of future purchases from Pizzamiglio.
 
 
 8
 Here, as in the district court, Persico's principal defense to the counterclaim was a belated contention that Balfour's objections to the quality of the deliveries had not been made within a reasonable time as required by California Commercial Code § 2606(3)(a). For the reasons stated by the district court, appellant's contentions are without merit.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3